**UNITED STATES of America**
**Plaintiff—Appellant,**

v.

**Jose Antonio SILVA–SEGURA**
**Defendant—Appellee.**

No. 03–40030.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 27, 2003.

---

Mitchel Neurock, US Attorney's Office, Laredo, TX, James Lee Turner, Assistant US Attorney, US Attorney's Office, Houston, TX, for Plaintiff–Appellant.

Roland E. Dahlin, II, Federal Public Defender, Marissa Perez–Garcia, Aurora Ruth Bearse, Federal Public Defender's Office, Houston, TX, for Defendant–Appellee.

Before KING, Chief Judge, and HIGGINBOTHAM and WIENER, Circuit Judges.

PER CURIAM.*

The Government appeals from the sentence imposed on Jose Antonio Silva–Segura ("Silva") for illegal reentry following deportation. The Government contends that the district court erred by failing to impose a 16–level upward adjustment to Silva's offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A) for a previous conviction of transporting aliens for financial gain, an offense the Government argues was a conviction of an alien smuggling offense committed for profit. Silva concedes error but presents an argument against the 16–level adjustment to preserve the issue for further review.

Transporting aliens for profit is an "alien smuggling offense committed for profit," U.S.S.G. § 2L1.2(b)(1)(A), warranting the 16–level upward adjustment. *United States v. Solis–Campozano,* 312 F.3d 164, 167 (5th Cir.2002), *cert. denied,* — U.S. ——, 123 S.Ct. 1811, 155 L.Ed.2d 689 (2003). Pursuant to *Solis–Campozano,* which was decided after the imposition of sentence on Silva, a 16–level adjustment was appropriate for Silva's

conviction of transporting aliens for financial gain.

VACATED AND REMANDED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.